**STATE of Missouri, Respondent,**

v.

**Oscar Lee CASTON, Appellant.**

No. 56963.

Supreme Court of Missouri,
Division No. 1.

May 13, 1974.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Walter L. Metcalf, Jr., Armstrong, Teasdale, Kramer & Vaughn, St. Louis, for (defendant) appellant.

BARDGETT, Presiding Judge.

Oscar Lee Caston appeals from a conviction of robbery in the first degree by means of a dangerous and deadly weapon, a felony. He was sentenced by the court to ten years in the department of corrections under the second offender act, section 556.280, RSMo 1969, V.A.M.S. The appeal was filed prior to January 1, 1972. This court has jurisdiction, Mo.Const., Art. V, Section 31, V.A.M.S.

Appellant's point on this appeal is: "The trial court committed prejudicial error in denying appellant the right to inquire of his witnesses as to the drinking done by the victim and his condition just prior to the time the robbery occurred, because such testimony was relevant on the issue of the credibility of the victim's identification testimony and the victim's capacity for observation, recollection and the like."

The victim identified appellant as one of two men who robbed him. There was no other evidence connecting appellant to the crime. The victim had been to two taverns over a period of six hours during the day and evening of October 21, 1970, and testified he had two or three drinks before going to the third tavern—Le Jazz Hot. As he left Le Jazz Hot and approached his car, he testified that appellant and another man asked for a ride. He was apprehensive and thought the best thing to do was let them get into the car. The men said they wanted to go to Sarah and Manchester. The victim asked if they would like to stop for a drink and they agreed. The three went into the Knot Hole bar at Sarah and West Pine. The victim testified he bought them one drink each and he drank half of one highball. The bill for the drinks was between one and two dollars.

He didn't remember how long they were in the Knot Hole but guessed that they were there from two to four minutes—long enough to converse with the two men. The victim left the Knot Hole but the two men followed him and again asked for a ride. He agreed. Appellant rode in the front and the other man in the back seat.

When they got to Sarah and Newstead the men told him to pull over and let them out. When he stopped, the man in the back seat put a pistol to the victim's neck and the two men proceeded to rob the victim and then escaped. The victim returned to the Knot Hole where he borrowed a dime from the bartender, whom he knew, and called the police. About one week later he identified appellant's photograph out of numerous ones given him by the police.

The defense called one witness, the bartender from the Knot Hole, to testify. He knew the victim and remembered him being in the Knot Hole with two colored men on the night of the robbery and that the victim purchased drinks for them. Appellant's attorney asked the bartender if the victim had any drinks himself. The state objected on the grounds that it was improper to attempt to impeach a witness (the victim) on a collateral matter—whether the victim had any drinks. Appellant's attorney stated, "The important issue here is identification." The court said: "All right, you can go into the identification, but your question as to the number of drinks is a collateral issue and I will sustain the objection."

The witness was then asked, "Were they drinking the entire time", and he answered, "Yes, they had several—two or—". The court sustained the state's objection and struck the answer, stating to the jury that "the Court sustained the objection to the number of drinks and so forth because it is a collateral issue to the charge in this case."

Defense counsel requested and obtained a short recess. Thereafter, when the witness resumed the stand, defense counsel

asked him if there was anything unusual about the victim's conduct that night. The state's objection was overruled and the witness responded, "Not especially, no."

Appellant contends it was error to sustain the state's objection to the question pertaining to the number of drinks the victim drank because the intoxication of the identifying witness (victim) was relevant and material on the issue of his ability to see, remember, and identify the appellant as the robber.

■ The general rule as to evidence of intoxication at the time of the event about which the witness testified is stated in 8 A.L.R.3d 749, 755, as follows: "It is widely recognized that evidence of an intoxicated condition at the time of the matters about which the witness has testified is admissible to affect the credibility of his testimony, such evidence being properly elicited either by the independent testimony of another witness, or by cross-examination of the witness sought to be impeached. Although some of the courts applying this principle are unwilling to let the introduction of such testimony be denominated technically as 'impeachment,' the practical effect of its application is the same, as is its underlying rationale, which is that it is always proper to show matters affecting the condition of the witness at the time of the matters testified to, as affecting his ability to observe or recollect them."

The foregoing is the rule in Missouri. Sanders v. Armour & Co., 292 S.W. 443 (Mo.App.1927); State v. Clinkenbeard, 185 S.W. 553 (Mo.App.1916); Winn v. Modern Woodmen of America, 138 Mo.App. 701, 119 S.W. 536 (1909).

■ The intoxication of a witness as of the time the events took place which are the subject of the witness's testimony is not a collateral issue but bears directly upon the ability of the witness to accurately describe those events. In this case it would bear upon the credibility of the victim's witness' credibility as to the identification of the defendant.

■ The number of alcoholic drinks a person consumes during the time, or immediately prior to the time that the events take place, which are the subject of the witness's testimony, is proper evidence for the jury to consider when assessing the accuracy of the witness's testimony. In short, testimony as to the number of drinks consumed is one method of proving intoxication or an impaired ability to accurately describe an event or identify a person.

■ The court erred in sustaining the objection to the question asked of the bartender witness concerning the number of drinks the victim consumed at the Knot Hole tavern.

Having decided the court erred in sustaining the state's objection, the question remaining is whether or not, in this case, the error requires reversal and remand for new trial.

Defense counsel did not make any offer of proof as to what the witness would say if permitted to answer the question even though he was a witness called by the defense and there is no contention that defense counsel did not know what the answer would be.

In answer to another question pertaining to drinks, the witness answered that the victim and the other two men had "two or —" drinks. Although this was improperly stricken from the record, it appears that the witness would have testified the three men had two drinks. The difference between the testimony of the victim as to the number of drinks he consumed and what appears to be what the bartender's testimony would have been is one and one-half drinks. The same witness was then asked if there was anything unusual about the victim's conduct that night and the witness answered in the negative. Additionally, the victim saw appellant and the other man on the street, was with them in his car, went into the Knot Hole with them, and conversed with them before any drinks were consumed.

■ The court is convinced that the error in the trial court's refusal to permit the witness to answer as to the number of drinks the victim consumed, in view of the other testimony by the same witness that there was nothing unusual about the victim's conduct that night, the prior opportunity for the victim to view the appellant for some period of time, and the difference as to the number of drinks consumed being merely one and one-half drinks, could not and did not prejudice the appellant nor affect the verdict in this case.

The judgment is affirmed.

All of the Judges concur.